CRANER, SATKIN, SCHEER, SCHWARTZ & HANNA, P.C.
320 PARK AVENUE, P.O. BOX 367
SCOTCH PLAINS, NJ 07076
(908) 322-2333 - Fax (908) 322-4916
BS-9984
Attorneys for Creditor, Marina District Development Co. LLC t/a Borgata

## United States Bankruptcy Court
### DISTRICT OF NEW JERSEY

In re:                                   Case No. 15-24955-JNP
    LINDA R. RIHL                Chapter 13
                              Hearing Date:

**CERTIFICATION IN OPPOSITION TO CONFIRMATION
OF DEBTOR'S PLAN**

BRIAN D. SCHWARTZ, of full age, hereby certifies:

1.    I represent Marina District Development Co. LLC t/a Borgata (hereinafter the "Borgata") and Boardwalk Regency Corporation (hereinafter "Boardwalk". I make this Certification in opposition to confirmation of Debtor's plan. The plan is currently scheduled for a confirmation hearing on December 2, 2015.

2.    The Borgata obtained a judgment against the Debtor's former husband, Bruce Rihl, in the sum of $79,892.34 plus $269.76 costs on February 12, 2014. The judgment was docketed as a lien against Bruce Rihl's assets on June 5, 2014.

3.    Boardwalk obtained a judgment against Bruce Rihl in the sum of $75,000.00 plus $240.00 costs on April 10, 2014. The judgment was docketed as a lien against Bruce Rihl's assets on May 12, 2014.

4.    A writ of execution was issued on behalf of the Borgata against the assets of Bruce Rihl on June 16, 2014. The Atlantic County Sheriff levied on all money due to

{00126927.1}

Bruce Rihl from rental property at 18 Franklin Drive, Somers Point, New Jersey, on October 30, 2014.

5. After each of the above judgments was docketed as a lien against the assets of Bruce Rihl, he conveyed his interest in properties owned by him to Linda R. Rihl as follows:

    A. 18 Franklin Drive, Somers Point, NJ;

    B. 441 Bay Avenue, Ocean City, NJ; and

    C. 7 W. Frances Avenue, Linwood, NJ.

6. The liens of the judgments in favor of the Borgata and Boardwalk remained on Bruce Rihl's interest in the aforesaid properties after they were conveyed to Linda R. Rihl.

7. On or about January 30, 2015, a lawsuit was commenced on behalf of Linda R. Rihl in the Superior Court of New Jersey, Atlantic County, Chancery Division, Docket No. C-10-15 and against the Borgata and Boardwalk along with Wausau Underwriters Insurance Company. One of the objections of the litigation was to remove the judgment liens against Bruce Rihl's interest in the properties that Bruce Rihl had conveyed to Linda R. Rihl.

8. After a hearing before the Honorable Raymond A. Batten, P.J.Ch., a Case Management Order was entered on May 11, 2015, a copy of which is attached.

9. The Case Management Order entered by Judge Batten stated that pending final adjudication of the matter, the Atlantic County Sheriff was instructed to pay 50% of all rent levied on property formerly owned jointly by Bruce Rihl and Linda R. Rihl to the

attorneys for the Borgata and Boardwalk, with the remaining 50% to be paid to Linda R. Rihl.

10. Said Order was in effect at the time that the Debtor filed her bankruptcy petition on August 7, 2015.

11. Although the Debtor has listed the Borgata and Boardwalk as Creditors, she has failed to include them in her plan for payment.

12. The conveyance of Bruce Rihl's interest in the three properties described above was subject to the judgment liens of the Borgata and Boardwalk, which remain valid liens on such properties at present.

13. The Borgata and Boardwalk seek a determination as part of the Debtor's plan that the liens of their judgments remain on the aforesaid properties to the extent of 50% of the value of said properties, and that the rent levy should remain in effect as previously ordered by Judge Batten.

14. The Debtor's plan should be modified to reflect that she is entitled to only one-half of the rents from the properties previously owned by her jointly with Bruce Rihl, since the Borgata has perfected its lien against one-half of the rents paid on the occupancy of such properties.

15. Inasmuch as the State Court has already adjudicated the issue of the Borgata's entitlement to one-half of the rents paid on the properties described above, that Order should not be disturbed and in fact should be binding upon the Bankruptcy Court and should be included in the Debtor's plan.

16. The only Creditors who filed claims against the Debtor are Borgata, Boardwalk and Wausau Underwriters, which are also creditors of Bruce Rihl and not

Linda R. Rihl. Therefore, there are no creditors to be paid in the Debtor's plan and the plan is a sham.

17. The creditors of the estate, i.e. Wausau, the Borgata and Boardwalk, will be in better position under a Chapter 7 liquidation of the Debtor's assets, since they will not stand to gain under the Chapter 13 plan, but would share in the sale proceeds from the sale of the Debtor's real estate under a Chapter 7 liquidation for the reasons stated above.

18. Therefore, Debtor's plan should not be confirmed, but rather should either (a) be amended to declare that the judgment liens of the Borgata and Boardwalk remain valid against a one-half interest in the three properties described above; or (2) the case should be converted to a case under Chapter 7 so that the properties in which the creditors have a judgment lien on the ½ interest of Bruce Rihl can be liquidated and the judgment liens can be satisfied on a pro rata basis. In either event, the Borgata's rent levy should remain in effect to the extent of one-half of all rents paid by tenants or occupants of the property at 18 Franklin Drive, Somers Point, New Jersey.

19. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November /0 , 2015

/s/ Brian D. Schwartz
BRIAN D. SCHWARTZ

**FILED**

MAY 11 2015

RAYMOND A. BATTEN, P.J.Ch.

BRIAN D. SCHWARTZ, ESQ. – Attorney ID 024741978
CRANER, SATKIN, SCHEER, SCHWARTZ & HANNA, P.C.
320 Park Avenue, PO Box 367
Scotch Plains, NJ 07076
Attorneys for Defendants, Marina District Development Co LLC
t/a Borgata and Boardwalk Regency Corporation
MRS File No. 1083-0005

| | |
|---|---|
| LINDA R. RIHL, <br><br> Plaintiff, <br><br> v. <br><br> MARINA DISTRICT DEVELOPMENT CO LLC T/A BORGATA; BOARDWALK REGENCY CORPORATION AND WAUSAU UNDERWRITERS INSURANCE CO., INDIVIDUALLY, AS SUBROGEE OF RSL WOODWORKING PRODUCTS INC., <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY <br> ATLANTIC COUNTY <br> CHANCERY DIVISION <br> DOCKET NO. ATL-C-10-15 <br><br> Civil Action <br><br> CASE MANAGEMENT ORDER |

THIS MATTER having been brought before the Court on an Order to Show Cause by Plaintiff, Linda R. Rihl, through her attorney, Jorge F. Coombs, Esq., and in the presence of Defendants, Marina District Development Co LLC t/a Borgata and Boardwalk Regency Corporation, through their attorney, Brian D. Schwartz, Esq., and for good cause shown;

It is on this 11th day of May, 2015
ORDERED, as follows:

1.  Pending final adjudication of the above-captioned matter, the Atlantic County Sheriff is instructed to release and return one-half (50%) of all rent monies previously levied upon by either of the above-named Defendants, and collected under Judgment No. J-043772-2014 (ATL-L-009532-2013) to Plaintiff, through its counsel as aforesaid, for return to Plaintiff. The remaining one-half (50%) of all such rent monies previously levied upon and collected, shall be turned over to Defendants' attorney for the benefit of the party under whose name the writ was issued;

2.  Pending final adjudication of the above-captioned matter, the Atlantic County Sheriff is instructed to release and return one-half (50%) of all rent monies previously levied

{00121582.1}

upon by either of the above-named Defendants, and collected under Judgment No. J-079354-2014 (ATL-L-006987-2013) to Plaintiff, through its counsel as aforesaid, for return to Plaintiff. The remaining one-half (50%) of all such rent monies previously levied upon and collected, shall be turned over to Defendants' attorney for the benefit of the party under whose name the writ was issued;

3. Pending final adjudication of the above-captioned matter, the Atlantic County Sheriff is instructed to only execute and levy upon one-half (50%) of all rents received or due and owing from tenants residing in real property presently encumbered by Judgment Nos. J-043772-2014 (ATL-L-005932-2013) and J-079354-2014 (ATL-L-006987-2013). Such monies shall be paid over by the Atlantic County Sheriff to Defendants' attorney for the benefit of the party on whose behalf the writ was issued. The remaining one-half (50%) rents received or due and owing from tenants residing in property so encumbered shall not be levied upon by the Sheriff and the tenant shall be directed to pay to Plaintiff such sums;

4. Defendants shall file a responsive pleading within twenty (20) days of the entry and receipt of a copy of this Order by Defendants' attorney;

5. Any motions or applications regarding this matter, including but not limited to those under R. 4:6-2 are hereby reserved and may proceed as deemed appropriate by the parties' counsel and as prescribed by the Court Rules;

6. Any future efforts on alienation or change of ownership of any real property that is presently encumbered by Judgment Nos. J-043772-2014 (ATL-L-005932-2013) and/or J-079354-2014 (ATL-L-006987-2013) shall be required to make application to the Court prior to such alienation or disposition; and it is further

ORDERED, that a copy of this Order shall be served upon all counsel of record within __7__ days of the date of Defendants' attorneys' receipt of a copy of this Order.

_____
RAYMOND A. BATTEN, P.J.Ch.

{00121582.1}